```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

TASHIMA E. THOMAS,

                Plaintiff,

        -against-                               19-CV-11087 (LLS)

NEW YORK CITY HEALTH AND           ORDER OF DISMISSAL
HOSPITALS CORP., et al.,

                Defendants.

LOUIS L. STANTON, United States District Judge:

      Plaintiff, appearing *pro se*, filed this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634, and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 131, alleging that her former employer discriminated and retaliated against her. By order dated February 3, 2020, Chief Judge Colleen McMahon determined that Plaintiff's assertions were insufficient to state a plausible claim of discrimination or retaliation under Title VII or the ADEA, but she granted Plaintiff leave to amend the complaint. Plaintiff filed an amended complaint on April 13, 2020. This matter was later reassigned to the undersigned.

      After reviewing Plaintiff's submission, the Court dismisses this action for the reasons set forth below.

## BACKGROUND

      Plaintiff brought this employment discrimination action against the New York City Health and Hospitals Corporation (HHC) and its President and CEO, Dr. Mitchell Katz. Plaintiff asserted in her initial complaint that after she submitted a grievance accusing two coworkers of harassment, HHC failed to take any disciplinary action against the employees. Instead, she was

subjected to retaliation and further harassment. Plaintiff alleged that HHC terminated her employment after she filed a harassment report with the New York City Police Department (NYPD) and a charge of discrimination with the Equal Employment Opportunity Commission (EEOC).

In the February 3, 2020 order, Chief Judge McMahon held that Plaintiff's assertions of discrimination and retaliation were insufficient to state plausible claims under Title VII or the ADEA because she failed to allege any facts suggesting that Defendants took any adverse employment actions against her because of her race, color, sex, religion, national origin, or age. Chief Judge McMahon determined that Plaintiff, who was born in 1987 – making her under 40 years old – was not a covered employee under the ADEA. Chief Judge McMahon further found that Plaintiff did not state a claim under Title VII, because she did not allege any facts suggesting that Defendants discriminated or retaliated against her based on her race, color, sex, religion, or national origin. But Chief Judge McMahon granted Plaintiff leave to amend her complaint to allege any facts to support a claim under Title VII.

In the amended complaint, Plaintiff now names Maricela Garcia and Bara Sene – two coworkers – as defendants, along with HHC and Katz. Plaintiff also eliminated all references to Title VII and the ADEA, now relying solely on the New York State Constitution, the New York State and City Human Rights Laws, and other state and city laws as the bases for her discrimination and retaliation claims.

Plaintiff alleges that in July 2019, Garcia harassed her by following her around and "antagonized" her by commenting that it did not look good for Plaintiff, as a new young nurse, to leave work early although Plaintiff had worked through lunch. (ECF No. 5, at 9.) On July 17, 2019, Plaintiff met with Tinisha Beckles, the Director of Human Resources, about Garcia's

conduct, and submitted a written complaint against Garcia. Beckles told Plaintiff that the matter would be investigated.

Plaintiff further alleges that after she reported Sene to the Medical Director for suspected fraud, an investigation was opened against him. Because of Plaintiff's participation in the investigation, Sene would single her out from other staff members by calling her into his office multiple times a day and giving her poor performance reviews.

On August 1, 2019, Plaintiff again met with Beckles to follow-up on her complaint against Garcia. At the time, Plaintiff attempted to submit a new complaint against Sene for his retaliatory acts, but Beckles "failed to provide [Plaintiff] with an opportunity to file a formal complaint against Mr. Sene." (*Id*. at 8.) Beckles also failed to provide an update on the harassment complaint against Garcia; instead she informed Plaintiff that there "wasn't much recourse she could do and suggested that [Plaintiff] could look for another job elsewhere." (*Id*.) Shortly after meeting with Beckles, Plaintiff did not receive her "coming on-board position," and her current job position was posted for a new hire. (*Id*. at 9.)

Garcia's and Sene's harassment of Plaintiff continued. On the morning of August 12, 2019, Garcia tried to cause physical harm to Plaintiff by twice pushing the kitchen door open, almost causing Plaintiff to spill her coffee and burn herself. After this incident, Plaintiff filed a police report against Garcia.

Plaintiff's employment was terminated on September 6, 2019, the same day she received a Notice of Right to Sue from the EEOC. Plaintiff alleges that Defendants created a hostile work environment because of her age and violated her rights by terminating her employment after she filed a discrimination charge with the EEOC. Plaintiff describes herself as a "whistleblower" (*Id*.

at 5), and asserts that Defendants deprived her of due process under state law by not taking any disciplinary action against Garcia and Sene for their harassment of her.

## DISCUSSION

Chief Judge McMahon dismissed Plaintiff's age discrimination claim under the ADEA because Plaintiff, who was born in 1987, is less than 40 years, and therefore is not a covered employee under the ADEA. *See* 29 U.S.C. § 631(a). Chief Judge McMahon further granted Plaintiff leave to submit an amended complaint alleging facts suggesting a viable Title VII claim. But a liberal reading of Plaintiff's assertions does not suggest any viable federal claims. She does not allege any facts suggesting that Defendants took any adverse employment action against her on the basis of her race, color, religion, sex, or national origin in violation of Title VII or any other federal law. To the extent Plaintiff's amended complaint could be read as seeking relief under Title VII or any other federal law, it is dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii),

Plaintiff's only remaining claims fall under state law. A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

4

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Court dismisses this action for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is instructed to terminate all other pending matters.

This order is to be mailed in chambers.

SO ORDERED.

Dated:   April 22, 2020
         New York, New York

                                              _____Louis L. Stanton_____
                                                   Louis L. Stanton
                                                   U.S.D.J.